United States District Court
District of Minnesota

---

**Diana Stallone,**  Case No.:

**Plaintiff,**

v.  **COMPLAINT**

**Ameriprise Financial Services, Inc., a Delaware Corporation,**  **TRIAL BY JURY DEMANDED**

**Defendant.**

---

**COMES NOW PLAINTIFF** Diana Stallone, by her attorneys, brings this action against Ameriprise Financial Services, Inc. and states and alleges the following:

## THE PARTIES

1. Plaintiff, who is a disabled person and 55 years old, is a resident of Minnesota.

2. Defendant Ameriprise Financial Services, Inc., a Delaware corporation, is doing business in Minnesota at 707 Ameriprise Financial Center, City of Minneapolis.

3. Defendant's registered agent for service of process is CT Corporation System, Inc., 100 S. 5th Street, Suite 1075, Minneapolis, Minnesota.

4. Defendant employed 50 or more employees within a 75-mile radius of Plaintiff's worksite during the relevant timeframe.

5. Defendant is an employer subject to the provisions of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C § 12112 *et seq.*, the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 623 (a), the Family & Medical Leave Act, 29 U.S.C. § 2612 *et seq.* (hereinafter "FMLA"), and the Minnesota Human Rights Act, Minn. Stat. § 363A *et seq.* (hereinafter "MHRA").

6. Plaintiff was an "employee" of Defendant and entitled to the protections of the ADA, ADEA, FMLA, and the MHRA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States, specifically the ADA, ADEA and FMLA.

8. Venue is proper in this judicial district pursuant to 42 U.S.C. § 12117 and 28 U.S.C. §§ 1391 (b) (1) and (2) in that the alleged unlawful employment practices were committed in this judicial district and that Defendant can be found in this district.

9. All conditions precedent to this action have been fulfilled. Plaintiff timely filed a charge of disability discrimination with the Minnesota Department of Human Rights (hereinafter "MDHR") on or about March 11, 2011, and said charge was cross-filed with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about March 24, 2011. On May 12, 2011, the EEOC issued Plaintiff a notice of right to sue letter. Plaintiff timely commenced this action within 90 days of receipt of the right to sue letter.

## FACTS

10. Plaintiff began her employment with Defendant on or about July 25, 1988.

11. Plaintiff's most recent job title was Compliance Analyst II.

12. Throughout Plaintiff's employment, her performance has been commendable with several promotions and consistently better than satisfactory.

13. During the relevant time frame, Plaintiff was a disabled person suffering from severe cervical stenosis, carpal tunnel syndrome and degenerative disc disease, which materially her limited major life activities including but not limited to, caring for herself, performing manual tasks, sleeping, lifting, bending, concentrating, thinking, and working.

14. Plaintiff was 55 years old at the time of the discrimination.

15. In January of 2010, Plaintiff returned to work from surgery. Over the next year, Plaintiff was assigned several new managers, who were younger than she. These managers unjustifiably criticized and negatively evaluated Plaintiff's performance despite her commendable performance on tasks she had performed for years and provided inconsistent instructions and performance expectations.

16. Throughout the remainder of 2010, Plaintiff suffered from her disability and physical maladies, which required her medical providers to implement work restrictions.

17. Defendant harassed Plaintiff and disregarded her work restrictions.

18. Plaintiff reported the illegal conduct to Defendant, including but not limited to, Vice President, Neysa Alecu, Director, Gregory Toohey, current Direct Manager and Human Resource representative, Melissa Champell.

19. On or about October 2010, Plaintiff went out on disability leave. Defendant mishandled Plaintiff's request for FMLA and only granted leave for part of the request.

20. Upon Plaintiff's return to work in January of 2011, Defendant informed Plaintiff that it had denied a period of the previously-taken leave, disciplined her, and issued her a final written warning for attendance.

21. Plaintiff reported the above-described conduct to Defendant.

22. Citing false and pretextual reasons, Defendant terminated Plaintiff's employment on or about January 21, 2011.

23. As a direct and proximate result of Defendant's conduct above described, Plaintiff has suffered severe emotional distress, mental anguish, embarrassment, humiliation, and physical suffering. As a direct and proximate result of Defendant's conduct, Plaintiff has also suffered

lost wages and job benefits. All of these damages are as yet undetermined but believed to be in an amount in excess of $75,000.00.

## COUNT I
### DISABILITY DISCRIMINATION AND HARASSMENT IN VIOLATION OF AMERICANS WITH DISABILITIES ACT AND THE MINNESOTA HUMAN RIGHTS ACT

24. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

25. Plaintiff is a disabled person within the definition of the ADA and the MHRA and is a member of a protected class entitled to the protections of the ADA and the MHRA, including but not limited to the right to be free from discrimination and harassment in her employment.

26. Plaintiff's job performance was satisfactory or better at all times relevant herein.

27. Defendant subjected Plaintiff to disability discrimination, including but not limited to treating her differently and adversely than non-disabled, similarly-situated coworkers, harassing and disciplining her.

28. Defendant knew or should have known that Plaintiff was being subjected to disability discrimination and harassment.

29. Defendant failed to take timely and appropriate action to stop the illegal conduct.

30. Defendant's conduct above described violated the ADA and the MHRA.

31. Defendant is liable for the conduct of its employees under the doctrine of respondeat superior.

32. As a direct and proximate result of Defendant's disability discrimination and harassment above described, Plaintiff has suffered and continues to suffer economic damages (past and future lost wages and job benefits), emotional distress, mental anguish, embarrassment, humiliation, and physical suffering. All of these damages are as yet undetermined but are believed to be an amount in excess of $75,000.00.

**COUNT II**
**FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**
**IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND**
**THE MINNESOTA HUMAN RIGHTS ACT**

33. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

34. Plaintiff, who has severe cervical stenosis, carpal tunnel syndrome and degenerative disc disease, is a disabled person within the definition of 42 U.S.C. §§ 12111 (8), 12010 (2)(a)(c)(3), and Minn. Stat. § 363A.03, subd. 12 (1) and (3), is a member of a protected class, and is entitled to the protections of the ADA, 42 U.S.C. § 12101 *et seq.* and the MHRA, Minn. Stat. § 363A *et seq.*

35. Plaintiff informed Defendant she needed accommodations because of her disability. Plaintiff provided Defendant with medical documentation of her disability and her need for reasonable accommodations.

36. Defendant's manager failed to reasonably accommodate Plaintiff's disability as required by the ADA, 42 U.S.C. § 12112 subd. (b)(5)(A) and the MHRA, Minn. Stat. § 363A.08, subd. 6.

37. Defendant's conduct above described violates the ADA, 42 U.S.C. § 12112 *et seq.* and the MHRA, Minn. Stat. § 363A *et seq.*

38. Defendant is liable for the conduct of its employees under the doctrine of respondeat superior.

39. As a direct and proximate result of Defendant's failure to accommodate, above described, Plaintiff has suffered and continues to suffer economic damages (lost wages and job benefits), severe emotional distress, mental anguish, embarrassment, humiliation, and physical suffering. All of these damages are as yet undetermined but are believed to be an amount in excess of $75,000.00.

## COUNT III
## AGE DISCRIMINATION AND HARASSMENT
## IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE MINNESOTA HUMAN RIGHTS ACT

40. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

41. Plaintiff's date of birth is October 23, 1995; thus, Plaintiff is a member of a protected class.

42. Plaintiff is entitled to the protections of ADEA, 29 U.C. S. § 623 (a) and the MHRA, Minn. Stat. § 363A.08, subd. 2 including, but not limited to, the right to be free from age discrimination and harassment in her employment.

43. Plaintiff was well qualified for her position with Defendant.

44. Plaintiff at all times performed her duties in a satisfactory or better manner.

45. During the later part of her employment, Defendant discriminated against and harassed Plaintiff because of her age, including but not limited to, treating her differently than younger, similarly situated coworkers.

46. The age discrimination and harassment adversely affected the terms, conditions and privileges of Plaintiff's employment and resulted in a tangible job detriment.

47. Defendant knew or should have known of the discrimination and harassment.

48. Defendant failed to take timely and appropriate action to stop the age discrimination and harassment.

49. Defendant's conduct constitutes violates the ADEA, 29 U.S.C. § 623 (a) and the MHRA, Minn. Stat. § 363A.08, subd. 2.

50. Defendant is liable for the conduct of its employees under the doctrine of respondeat superior.

6

51. As a direct and proximate result of Defendant's age discrimination and harassment above described, Plaintiff has suffered and continues to suffer economic damages (lost wages and job benefits), emotional distress, mental anguish, embarrassment, humiliation, and physical suffering. All of these damages are as yet undetermined but are believed to be an amount in excess of $75,000.00.

**COUNT IV**
**RETALIATION AND REPRISAL IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT,**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND**
**THE MINNESOTA HUMAN RIGHTS ACT**

52. Plaintiff realleges each paragraph of the Complaint as fully set forth herein.

53. On several occasions in 2010 and 2011, Plaintiff opposed and reported Defendant's disability and age discrimination, harassment, and failure to accommodate.

54. Because of Plaintiff's statutorily-protected activity, Defendant retaliated against Plaintiff and terminated her employment.

55. Defendant's conduct above-described constitutes retaliation and reprisal discrimination in violation of the ADA, 42 U.S.C. § 12203 (a), the ADEA, 29 U.S.C. § 623 (d), and the MHRA, Minn. Stat. § 363A.15.

56. Defendant is liable for the conduct of its employees under the doctrine of respondeat superior.

57. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered and continues to suffer economic damages (lost wages and job benefits), severe emotional distress, mental anguish, embarrassment, humiliation and physical suffering. All of these damages are as yet undetermined but are believed to be an amount in excess of $75,000.00.

7

## COUNT V
## VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

58. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

59. Pursuant to the FMLA, 29 U.S.C. § 2615(a), when an employee takes a leave granted by the FMLA, an employer is prohibited from interfering with, discriminating, deterring or retaliating against the employee because she took a FMLA leave.

60. In response to Plaintiff taking FMLA leave, Defendant engaged in conduct that interfered with, discriminated, deterred, and retaliated against her.

61. Defendant's conduct above described violated the FMLA, 29 U.S.C. § 2615(a).

62. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff suffered lost compensation and job benefits, in an amount as yet undetermined but are believed to be an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiff prays for judgment against Defendant and for damages, including but not limited to the following:

a.  actual compensatory damages pursuant to 42 U.S.C. § 12117, 29 U.S.C. §§ 626, 2617, and Minn. Stat. § 363A.29, subd. 4, including but not limited to, lost wages and job benefits, physical and mental suffering, in an amount undetermined, but believed to be in excess of $75,000.00;

b.  treble compensatory damages pursuant to Minn. Stat. § 363A.29, subd. 4;

c.  for costs and disbursements and attorneys' fees pursuant to 29 U.S.C. § 2617, 42 U.S.C. § 12117, and Minn. Stat. § 363A.33, subd. 7;

d.  equitable relief pursuant to 29 U.S.C. § 2617; and

e.  liquidated damages pursuant to 29 U.S.C. §§ 2617 and 626.

8

                                                                             **FRIEDERICHS & THOMPSON, P.A.**

Dated: June 20, 2011                      s/Stephen M. Thompson
                                                          TAMMY P. FRIEDERICHS #219423
                                                          STEPHEN M. THOMPSON #0279791
                                                          1120 East 80th Street, Suite 106
                                                          Bloomington, MN 55420
                                                          Phone:  (952) 814-0110
                                                          Facsimile:  (952) 814-9005
                                                          *Attorneys for Plaintiff*