UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DIANA STALLONE, | Case No. 11-CV-1619 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| AMERIPRISE FINANCIAL SERVICES, INC., | |
| Defendant. | |

Stephen M. Thompson and Tammy P. Friederichs, FRIEDERICHS & THOMPSON, P.A., for plaintiff.

Julie Fleming-Wolfe, for defendant.

This matter is before the Court on the motion of defendant Ameriprise Financial Services, Inc. ("Ameriprise") for summary judgment. The Court conducted a lengthy hearing on the motion on August 27, 2012. At that hearing, the Court explained why it would grant the motion as to Counts I, III, and V of the complaint. The Court also explained that, before making a decision regarding Counts II and IV, it needed to further review the factual record. Having now reviewed the record — and recognizing that it must assume that plaintiff's version of the facts is true and draw all justifiable inferences in her favor, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) — the Court concludes that a reasonable jury could return a verdict in plaintiff's favor on Count II. The Court further concludes that, with respect to Count IV, a reasonable jury could find that plaintiff was fired on January 21, 2011, in retaliation for engaging in protected conduct after returning from medical leave on January 3, 2011.

The Court also requested additional briefing from the parties on whether Stallone's disability-discrimination claims under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A et seq., are precluded by the exclusivity provision of the Minnesota Workers' Compensation Act ("WCA"), Minn. Stat. § 176 et seq.  An employer's liability under the WCA "is exclusive and in the place of any other liability to such employee . . . entitled to recover damages on account of such injury or death."  Minn. Stat. § 176.031.

Minnesota courts read the phrase "on account of such injury" quite broadly.  According to the Minnesota Supreme Court, if an employee "becomes disabled as a result of work-related injuries," the employer can be held liable to that employee for *any* conduct related to that disability only under the WCA, and not under the MHRA.  *See Karst v. F.C. Hayer Co., Inc.*, 447 N.W.2d 180, 184 (Minn. 1989).  In other words, an employee may not bring a claim of disability discrimination against her employer under the MHRA — whether that claim is for failure to accommodate,[1] for unlawful termination,[2] or for unlawful failure to rehire[3] — if that claim is based on a disability that resulted from a work-related injury.  It makes no difference whether the employee has actually applied for or received worker's-compensation benefits; the relevant inquiry is whether worker's-compensation benefits were *available* to the employee, and that turns on whether she is disabled because of a work-related injury.  *See id*. at 184 ("The issue is whether the WCA provides a remedy for these injuries.").

---

[1] *Neumann v. AT&T Communs., Inc.*, 376 F.3d 773, 784-85 (8th Cir. 2004).

[2] *Benson v. Northwest Airlines, Inc.*, 561 N.W.2d 530, 540-41 (Minn. Ct. App. 1997).

[3] *Karst*, 447 N.W.2d at 184-87.

In this case, the parties hotly dispute whether Stallone is disabled because of a work-related injury. In late 2009, Stallone received worker's-compensation benefits after being treated for carpal-tunnel syndrome. There is no dispute that the carpal-tunnel syndrome was work related. Stallone returned to work in January 2010. Some months later, Stallone was diagnosed with cervical stenosis. Stallone alleges that she is disabled because of the cervical stenosis, that the cervical stenosis is not related to the carpal-tunnel syndrome, and that the cervical stenosis is not a work-related injury for which she could receive worker's-compensation benefits. In support of her argument, Stallone primarily relies on the fact that her supervisor, Danielle Kassmir, asserted on a form that she filled out in August 2010 that Stallone's cervical stenosis was *not* "related to a Worker's Compensation Injury." Friederichs Aff. Ex. 5 at 23 [ECF No. 17-5]. Stallone also points out that Ameriprise denied her 2011 request for worker's-compensation benefits, presumably because it believes that her cervical stenosis was not work related.

Ameriprise, by contrast, argues that the cervical stenosis suffered by Stallone in 2010 is closely related to the carpal-tunnel syndrome suffered by Stallone in 2009, and therefore the cervical stenosis, like the carpal-tunnel syndrome, is work related. Because the cervical stenosis is work related, Ameriprise argues, the WCA provides a remedy for that injury, and thus Stallone is precluded from bringing a disability-discrimination claim under the MHRA. In support of its argument, Ameriprise primarily relies on the fact that Stallone sought worker's-compensation benefits for her cervical stenosis — and, in doing so, contended that her condition *was* work related.

The Court cannot resolve this dispute on motion for summary judgment. Stallone is not precluded from bringing a disability-discrimination claim under the MHRA unless "the WCA

provides a remedy for the[] injuries" giving rise to her disability. *Karst*, 447 N.W.2d at 184. The WCA does not provide a remedy for those injuries unless those injuries are related to her work. The evidence about whether the cervical stenosis suffered by Stallone is related to the work that Stallone did for Ameriprise is sparse and conflicting. It is true that, when Stallone applied for worker's-compensation benefits, she claimed that her cervical stenosis was work related. But Stallone may have been *wrong*. (After all, her application was denied.) It is also true that, by denying Stallone's application for worker's-compensation benefits, Ameriprise asserted that Stallone's cervical stenosis was *not* work related. But Ameriprise, too, may have been wrong. Resolution of this issue will have to await trial.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment [ECF No. 11] on Count I of plaintiff's complaint is GRANTED. Count I is DISMISSED WITH PREJUDICE AND ON THE MERITS.

2. Defendant's motion for summary judgment on Count II of plaintiff's complaint is DENIED.

3. Defendant's motion for summary judgment on Count III of plaintiff's complaint is GRANTED. Count III is DISMISSED WITH PREJUDICE AND ON THE MERITS.

4. Defendant's motion for summary judgment on Count IV of plaintiff's complaint is GRANTED IN PART AND DENIED IN PART as follows:

      a.      Defendant's motion is DENIED insofar as it pertains to plaintiff's claim that she was fired on January 21, 2011, in retaliation for protected conduct in which she engaged on and after January 3, 2011.

      b.      Defendant's motion is GRANTED in all other respects, and all claims encompassed by Count IV — with the exception of the claim described in paragraph 4(a) above — are DISMISSED WITH PREJUDICE AND ON THE MERITS.

5.      Defendant's motion for summary judgment on Count V of plaintiff's complaint is GRANTED. Count V is DISMISSED WITH PREJUDICE AND ON THE MERITS.

Dated: November 13, 2012

s/Patrick J. Schiltz  
Patrick J. Schiltz  
United States District Judge